■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BARNETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered July 26, 1988, convicting him of attempted robbery in the second degree and robbery in the second degree, upon his plea of guilty, and sentencing as a second felony offender to concurrent indeterminate terms of 6 to 12 and 3½ to 7 years' imprisonment, respectively.

Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for resentencing.

The defendant pleaded guilty under S.C.I. No. 68602 to attempted robbery in the second degree, a class D felony, and robbery in the second degree, a class C felony, in satisfaction of all charges contained therein. At the plea proceeding, the court expressed its intention to sentence the defendant "to a total, for both counts, of no more than six to twelve". The sentencing minutes reveal that the defendant was sentenced, as a second felony offender, to 6 to 12 years' imprisonment on the count of attempted robbery in the second degree to run concurrent with a term of 3½ to 7 years' imprisonment on the count of robbery in the second degree. These respective sentences are reflected in the order of commitment dated July 26, 1988.

As the defendant correctly notes, the term of 6 to 12 years' imprisonment imposed upon his conviction of attempted robbery in the second degree, a class D felony, is illegal *(see,* Penal Law § 70.04 [3]). However, it appears that the sentencing Judge may have inadvertently misspoken and may have intended to impose a term of 6 to 12 years' imprisonment upon the defendant's conviction of robbery in the second degree. In view of this confusion, the imposed sentences are vacated and the matter is remitted to the County Court, Nassau County, for resentencing. Mollen, P. J., Lawrence, Kooper, Spatt and Harwood, JJ., concur.